# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARL RAMSEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0742** (BOR Appeal No. 2049032)
(Claim No. 2011020974)

**and**

**WALLS SANITATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carl Ramsey, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Walls Sanitation, Inc., by Jillian L. Moore, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2014, in which the Board affirmed a November 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 24, 2013, and January 14, 2013, decisions denying a request for a diagnosis update and a reopening of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Ramsey, a driver, was injured in the course of his employment on December 17, 2010, when he slipped, fell backwards, and hit his head. He was treated that day at Ruby Memorial Hospital where he reported a mild headache and a knot at the back of his head. He returned to Ruby Memorial Hospital three days later with dizziness and trouble concentrating.

He was diagnosed with post-concussion syndrome. The treatment note states that he had no neck pain at that time. The claim was held compensable for head contusion and post-concussion syndrome.

In January of 2011, Mr. Ramsey was treated by Christina Demian-Popescu, M.D. Her treatment notes indicate he had returned to full-time work and had resumed all activities except for driving. He reported headaches at the back of his head that radiated into his eyes as well as dizziness. The assessment was mild traumatic brain injury with post-concussion syndrome, improving. CTs of the brain showed no abnormal findings and an MRI was unremarkable. In April of 2011, an EEG report indicates Mr. Ramsey was admitted to the hospital for seizures and staring spells. The EEM was normal, but he had a non-epileptic event during the test. A May 27, 2011, treatment note by Charles Werntz, D.O., states that Mr. Ramsey had developed episodes of speech arrest and staring spells. He assessed post-concussive syndrome, improving. He stated Mr. Ramsey also developed headaches following the injury. His symptoms gradually improved until mid-January when he reported returning headaches and dizziness. Dr. Werntz recommended he return to his regular work shifts and drive no more than four hours a day. Shortly thereafter, Dr. Demian-Popescue found that he was doing well and recommended he resume his full duties.

The evidentiary record contains no treatment notes until Mr. Ramsey was seen nearly a year later on August 1, 2012, at WVU Healthcare. He reported at that time that he was having pseudo seizures. He stated that he had not experienced one for nearly a year but had three in the past four days. The episodes were accompanied by twitching in his legs and headaches. His treating physician, John Brick, M.D., requested a diagnosis update for post-traumatic headache, spells, and neck pain. He also requested that the claim be reopened for temporary total disability benefits.

ChuanFang Jin, M.D., performed an independent medical evaluation on February 27, 2013. She noted the compensable diagnoses of head contusion and post-concussion syndrome. Mr. Ramsey stated that he never really had neck pain and could not pinpoint when it started. He also stated that he has headaches, which sometimes start in his neck; however, he had no radiating pain and no range of motion limitations. Dr. Jin diagnosed history of closed head injury, non-epileptic seizures or pseudo seizures, and headaches. She opined that non-epileptic or pseudo seizures is a psychiatric disorder and that minor brain trauma, like Mr. Ramsey experienced, does not cause non-epileptic or pseudo seizures. She concluded that the pseudo seizures are unlikely the result of the compensable injury. Dr. Jin stated that head pain is a common symptom after a brain or closed head injury; however, the headaches are usually more clustered and/or intense at the time of the trauma and gradually improve. She found medical plausibility that Mr. Ramsey's headaches are related to the compensable head injury. She opined, however, that his headaches are not consistent with post-traumatic migraine headaches. She stated that primary migraine headache is a common disease, and he has a family history of the disease. She determined that he had reached maximum medical improvement for the compensable injury.

David Watson, M.D., performed an evaluation on December 27, 2012, in which he noted that Mr. Ramsey suffered from headaches that began two years prior following a work-related head injury. The symptoms gradually subsided until July of 2012 when they recurred. He now had constant headaches. Dr. Watson diagnosed closed head injury, chronic migraine without aura, and bilateral occipital neuralgia. He opined that Mr. Ramsey may be suffering from aura or prodrome as part of a post-head-injury chronic migraine condition and occipital neuralgia.

The Office of Judges affirmed the claims administrator's decisions in its November 15, 2013, Order. It found that Mr. Ramsey failed to provide evidence causally connecting his current symptoms to the compensable injury. The Office of Judges noted that his pseudo seizures completely resolved after June of 2011 and did not recur until June 8, 2012, when they began again without explanation. A cervical MRI revealed large disc herniations, but the Office of Judges reasoned that they would have been apparent much sooner if they were the result of the compensable injury. Mr. Ramsey had prior brain MRI and CT scans which would have shown the cervical spine. The Office of Judges found that he also has no symptoms relating to a herniated disc. It was therefore determined that the symptoms of pseudo seizures and headache cannot be related to the herniated disc and do not explain Mr. Ramsey's recurrence of symptoms nearly a year later. The Office of Judges concluded that the reopening request for temporary total disability benefits was properly denied. It also found that the diagnosis update by Dr. Brick was deficient. It lists secondary diagnoses of spells and neck pain, which are symptoms and not diagnoses. Furthermore, he provided nothing relating the symptoms to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 3, 2014.

On appeal, Mr. Ramsey argues that the Board of Review erred by not giving proper weight to Dr. Brick's determination that neck pain is related to the compensable injury. Mr. Ramsey asserted that an MRI showed two cervical disc herniations that were likely trauma related since there were no degenerative changes found, and there is no other explanation for a cervical injury than the compensable injury. He also states that he has shown a progression or aggravation of his condition that justifies reopening the claim for additional temporary total disability benefits. Walls Sanitation, Inc., argues that the claim is only compensable for a mild traumatic brain injury, and Mr. Ramsey failed to establish that he suffered a progression or aggravation of the injury or that neck pain is related to the injury. It also asserts that Mr. Ramsey did not report neck pain until two years after the compensable injury occurred. It further argues that neck pain and spells are symptoms and not diagnoses.

After review, we find that the Board of Review's decision is based, in part, upon material misstatements and mischaracterizations of the evidentiary record insofar as it found that the claim is not compensable for post-traumatic headaches. The claim was held compensable for head contusion and post-concussive syndrome. Dr. Jin stated in her independent medical evaluation that headaches are a common side effect of post-concussive syndrome. Though she did not believe Mr. Ramsey's headaches were related to the compensable injury, she admitted that there is medical plausibility that the condition is causally connected. Mr. Ramsey reported headaches immediately following the compensable injury and medical records show that they gradually improved, then recurred, and worsened. Additionally, Dr. Watson found in his

3

evaluation that Mr. Ramsey suffered from a closed head injury, chronic migraine without aura, and bilateral occipital neuralgia. He opined that he may be suffering from aura or prodrome as part of a post-head-injury chronic migraine condition and occipital neuralgia. Mr. Ramsey has submitted sufficient evidence to show that his headaches are causally connected to his compensable injury and should therefore be held compensable. The Board of Review was correct in its determination that neck pain and spells are not compensable components of the claim. Dr. Brick's reopening application for temporary total disability benefits indicates that Mr. Ramsey was incapable of working due to spells, not headaches. He has submitted insufficient evidence to show that his headaches render him temporarily and totally disabled. The Board of Review's decision, insofar as it denied the request to reopen the claim for temporary total disability benefits, is therefore affirmed.

For the foregoing reasons, we find that the decision of the Board of Review, insofar as it denied the addition of neck pain and spells to the claim and denied a request to reopen the claim for temporary total disability benefits, is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. It is therefore affirmed. We find that the Board of Review's decision, insofar as it denied the addition of post-traumatic headaches to the claim, is the result of material misstatements and mischaracterizations of the evidentiary record. It is therefore reversed and remanded with instructions to hold the claim compensable for post-traumatic headaches.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Brent D. Benjamin

Justice Robin J. Davis and Justice Allen H. Loughry II concur with the denial of the addition of neck pain and spells to the claim and the request to reopen the claim for temporary total disability benefits. Justice Davis and Justice Loughry dissent regarding the addition of post-traumatic headaches to the claim.

Justice Loughry, dissenting:

In this case, the majority reasons that post-traumatic headache is a compensable component of this claim. To the contrary, the record clearly demonstrates that the claimant failed to show that the diagnosis was causally connected to the December 17, 2010, injury. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the evidence indicates that the claimant's headaches are not the result of the compensable head

4

contusion or post-concussive syndrome, and are unrelated to the compensable injury. West Virginia Code § 23-5-15(c) (2010) provides, in pertinent part:

> *If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim*, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. *The court may not conduct a de novo re-weighing of the evidentiary record.*

(Emphasis added). Because it is clear that the majority has simply re-weighed the evidence to find in favor of Mr. Ramsey, I respectfully dissent.